# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| DENNIS L. LAFEVERS, ) | Civil Action No. |
| ) | |
| Plaintiff, ) | JURY TRIAL DEMANDED |
| ) | |
| v. ) | |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, and NORFOLK ) | |
| SOUTHERN CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## COMPLAINT

NOW COMES, Dennis LaFevers, Plaintiff herein, and files this Complaint for Damages against Defendants Norfolk Southern Corporation, a corporation, and Norfolk Southern Railway Company (together "NS"), a corporation, and alleges the following:

1.  NS, the Defendants herein, are and at all times relevant hereto have been duly authorized foreign railroad corporations organized and existing under and by virtue of the laws of the State of Virginia.

2.  Defendants NS do business and were at all times mentioned herein doing business in Greenville County and within the District and Division of this Court as a common carrier of intrastate and interstate commerce.

3. Defendants NS do business in Greenville County, South Carolina. Defendants NS have railroad lines, tracks, engines and boxcars that they maintain in this District and Division.

4. Defendant Norfolk Southern Corporation can be served with process through its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223. Defendant Norfolk Southern Railway Company can be served through its registered agent Roger A. Petersen, Three Commercial Place, Norfolk, VA 23510.

5. At all material times, Plaintiff has resided at 53 Beck Drive, Asheville, NC 28806.

6. Jurisdiction in this Court is proper with respect to Defendants NS.

7. Venue in this Court is proper with respect to Defendants NS.

8. Plaintiff's action arises under the Federal Employers Liability Act (FELA), 45 U.S.C. §§51-60.

9. At all times herein mentioned, Defendants NS were an intrastate and interstate carrier and were engaged in interstate transportation and commerce.

10. At the time of injury, Plaintiff was working in the furtherance of interstate commerce and in work that directly, closely and substantially affected the general interstate commerce carried on by Defendants NS.

11. At all relevant times, the work that Plaintiff performed and the manner in which he performed it was pursuant to the direction, instruction, and training by Defendants NS.

12. On September 5, 2012, Plaintiff requested from to supervisor Richard Atcheson that Plaintiff needed help at his assigned tasks the following day flagging a yard at Hampton Avenue in Greenville County.

13. The flagging duties required Plaintiff to load, unload, transport, install, and uninstall "derails" which are heavy track equipment placed on rail track to guard against a train proceeding past the derail and injuring persons working on the yard.

14. A derail is connected to a track rail and will cause the train wheels of an approaching train to run off the track, rather than permitting the train to proceed on the track past the derail and injure workers, or collide with track repair equipment.

15. On September 6, 2012, Plaintiff worked at the Hampton Avenue yard site and was assisted by Ben Miller in loading, unloading, transporting, installing, and uninstalling 4 derails in the yard.

16. On September 7, 2012, Plaintiff was required to load the derails and transport them to the job site.

17. No derails were needed that day as all work was concentrated on removing timber deck.

18. This meant that no work was being performed on the yard tracks, and therefore protection afforded by derails was not required.

19. The work schedule for the following Monday, September 10 was such that significant work was to be performed on the track.

20. Knowing that the work set for Monday, September 10 would require the placement of at large number of derails, Plaintiff expressly requested to Mr. Atcheson that Plaintiff be provided help from at least one other worker.

21. Mr. Atcheson agreed to make arrangements for such help.

22. On Monday, September 10, 2012, Plaintiff attended a regular Monday morning safety meeting before proceeding to work at the Hampton Avenue yard.

23. Plaintiff asked Mr. Atcheson the name of the person who would be assisting Plaintiff that week with the derails as requested the previous Friday.

24. Mr. Atcheson told Plaintiff that Joe Fowler had denied Plaintiff's request and said that Plaintiff could handle it himself.

25. At all material times, Mr. Atcheson and Mr. Fowler were employed by Defendants NS, and had supervisory and management roles over Plaintiff.

26. Plaintiff stated that the amount of derails required that he be provided help and that it was unsafe to require Plaintiff to do it by himself.

4

27. Mr. Atcheson apologized and said that he was following direction from Mr. Fowler.

28. That day, Plaintiff was required to mark each of ten derails with metal stamps before placing them in the truck for transport to the yard.

29. Each derail therefore had to be positioned for marking. Plaintiff then was required to load each of the ten derails into his truck for transport to the yard.

30. At the job site, Plaintiff was required to unload each of the derails. He then carried seven of the derails and cones into position and installed them on the track.

31. At the end of the day, Plaintiff received approval from Mr. Atcheson to – rather than take the derails back to the office - uninstall the derails and carry them to the phone pole at the No. 7 switch, and secure them with a large cable choker.

32. Plaintiff therefore uninstalled each derail and transported it back to the phone pole at the No. 7 switch.

33. On Tuesday, September 11, 2012, Plaintiff attended a safety meeting and then went to the job site.

34. That day, Plaintiff again was not provided assistance with the derails despite his request for assistance.

5

35. Plaintiff unlocked the cable from the derails and put out six derails and cones.

36. After the contractors finished the work on the tracks and broke for lunch, Plaintiff removed all of the derails and carried them back to the phone pole and secured them with a cable.

37. Plaintiff broke for lunch and the contractors removed timber from the yard east abutment. Plaintiff checked to make sure that no timber fell on any track.

38. While standing on out-of-service track No. 4, Plaintiff began having pain in his lower back and left buttocks, tingling down his left leg, and numbness in his left foot.

39. Plaintiff reported his injury that day.

40. Requiring Plaintiff to perform the extensive work involving numerous derails without requested assistance created an unsafe work place and unsafe work condition for Plaintiff.

41. Defendants NS were negligent in failing to provide Plaintiff with assistance in handling the large number of derails on the week of and day of Plaintiff's injuries.

42. Defendants NS had prior notice of this unsafe work condition.

43. It was foreseeable that this unsafe work condition would result in injury to Plaintiff.

44. The unreasonably unsafe work place, unsafe work conditions, and the negligence of Defendants NS contributed to proximately cause Plaintiff's injuries, including the exacerbation of pre-existing conditions.

45. Plaintiff files this cause of action within three years of his knowing or should have knowing that he has sustained an injury, its cause, and that it was related to Plaintiff's railroad employment.

46. As a further result of the foregoing breaches of duty, Plaintiff has suffered injuries and damages, including loss of earnings and benefits, medical expenses and mental and physical pain and suffering.

47. Plaintiff has suffered and will continue to suffer loss of wages, loss of earning capacity, medical expenses, and mental and physical pain and suffering.

48. As a result of the injuries sustained, Plaintiff has been caused to undergo medical treatment and will continue to incur additional medical treatment in the future due to the nature and extent of his injuries.

49. Plaintiff claims damages against Defendants NS in an amount to be shown by the evidence at the time of the trial for his injuries and any exacerbation or re-injury of a previous condition; for his pain and suffering (past, present, and future, mental and physical); for his loss of earnings and benefits to date of trial; and for lost earning capacity in the future by reason of the injuries herein received

and for all expenses of medical treatment (past and future) including all past and future medical devices unpaid by Defendants NS.

WHEREFORE, Plaintiff seeks judgment for all recoverable damages against Defendants NS under the FELA, such other and further relief as the Court deems just and equitable, and further demands trial by jury of all issues.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues.

This ___ day of May, 2013.

        **RYAN MONTGOMERY, ATTORNEY AT LAW, LLC**

        __/s/_ Ryan Montgomery_____
        Ryan Montgomery, Esq.
        108 Mills Avenue
        Greenville, SC 29605
        (ph) 864-558-5282
        (fax) 864-373-7334

**HALL & LAMPROS, LLP**
Christopher B. Hall
Georgia Bar # 318380
Application to appear Pro Hac Vice to be filed
1230 Peachtree St. NE
Suite 3700
Atlanta, GA 30309
(ph) 404-876-8100
(fax) 404-876-3477

Attorneys for Plaintiff