IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Dennis L. Lafevers, | ) | |
| | ) | Civil Action No. 6:13-1460-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Norfolk Southern Railway Company, | ) | |
| and Norfolk Southern Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the defendants' motion for summary judgment (ECF No. 17) and motion to strike (ECF No. 22). The parties have fully briefed both motions and the court heard oral argument on the relevant issues on May 22, 2014. For the reasons that follow, the court grants the defendants' motion for summary judgment and denies the motion to strike as moot.

**BACKGROUND**

The plaintiff, Dennis L. Lafevers ("Lafevers"), worked in the defendants' Norfolk Southern Railway Company and Norfolk Southern Corporation's (collectively "Norfolk") Bridge and Building Department. In his complaint, Lafevers alleges that on September 11, 2012, while working as a flagging foreman, he suffered a back injury. As a flagging foreman, Lafevers was tasked with lifting and carrying derails, pieces of track equipment weighing between 38 and 43 pounds. On September 10, 2012, Lafevers installed and uninstalled seven derails without help. On September 11, 2012, he installed and uninstalled six derails without help. After uninstalling the derails on September 11, Lafevers began having pain in his lower back and had to seek medical attention. He has not returned to work since the injury.

1

In opposing Norfolk's motion for summary judgment, Lafevers relies heavily on his own affidavit, the affidavit of Mark Heidebrecht, a certified ergonomist, and deposition testimony of Dr. Silver, his neurosurgeon.

## LEGAL STANDARD

Summary judgment is appropriate if, after reviewing the entire record in a case, the court is satisfied that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under the governing substantive law. *Id*.

## DISCUSSION

Lafevers brought this action under the Federal Employers Liability Act ("FELA"), 45 U.S.C. §§ 51-60. The FELA provides the exclusive remedy for a railroad employee to recover damages for injuries caused by his employer's negligence. *S. Buffalo Ry. Co. v. Ahern*, 344 U.S. 367, 374 (1953). In order to recover under the FELA, a plaintiff must prove: (1) the defendant owed a particular duty of care; (2) a breach of that duty; (3) foreseeability; and (4) causation. *Brown v. CSX Transp., Inc.*, 18 F.3d 245, 249 (4th Cir. 1994).

Lafevers asserts that Norfolk breached its duty to (1) instruct and train him how to safely lift and carry derails and (2) provide a safe workplace.

**A.    Duty to Train**

Lafevers bases his duty to train claim, in large part, on 49 C.F.R. § 217.1, which provides generally that "each railroad is required to instruct its employees in operating practices." Here, Lafevers argues that Norfolk failed to properly train him how to lift and carry derails. However,

2

in deposition testimony, Lafevers admitted that he not only attended "back classes," where employees received safety training on proper lifting technique, but he actually taught several of those classes.[1]

Lafevers does not allege that these classes were improper or inadequate, only that nothing in his training specifically addressed lifting and carrying derails. Lafevers has not presented and the court has not found any legal authority suggesting that the railroad's duty to train requires it to provide specific training on each task its employees might have to perform. In this case, the parties do not dispute that the railroad provided, and Lafevers attended, adequate training classes specifically addressing how to properly lift heavy objects, such as derails. Accordingly, Norfolk's motion for summary judgment is granted as to Lafevers' claim of inadequate training.

**B.     Duty to Provide Safe Workplace**

Under the FELA, a railroad's general duty is to use reasonable care in providing its workers with a reasonably safe place to work. *Shenker v. Baltimore & Ohio R.R. Co.*, 374 U.S. 1, 7 (1963). Lafevers asserts that Norfolk breached this duty when it denied his request for help, in the form of additional manpower, installing the derails.

"As part of its duty to provide a safe work environment, employers must provide workers with sufficient manpower to accomplish an assigned task." *Coomer v. CSX Transp., Inc.*, 97 F.3d 1451 (6th Cir. 1996) (unpublished table decision) (citing *Blair v. Baltimore & Ohio R.R.*, 323 U.S. 600, 604-05 (1945)). Thus, "FELA negligence may be predicated on the railroad's failure to furnish sufficient help if, but for that failure, the injury would not have occurred." *Montgomery v. CSX Transp., Inc.*, 376 S.C. 37, 55 (2008) (citing *Yawn v. Southern Ry. Co.*, 591

---

[1] According to Lafevers' training records, he either attended or taught eight back classes in the five years prior to his injury.

F.2d 312, 315 (5th Cir. 1979), *cert. denied*, 442 U.S. 934 (1979); *Deere v. Southern Pac. Co.*, 123 F.2d 438, 441 (9th Cir. 1941), *cert. denied*, 315 U.S. 819 (1942)).

To determine whether the employer provided sufficient manpower, courts look to the nature of the assigned task. *See, e.g., Coomer*, 97 F.3d at *2 (affirming the district court's grant of summary judgment for the employer where "[t]he district court found that each of the tasks performed by the employees assigned to the gang were single-person tasks, and the result of having more workers would simply have been to have finished the day's work more quickly"); *Lewis v. CSX Transp., Inc.*, 778 F. Supp. 2d 821, 840 (S.D. Ohio 2011) (denying plaintiff's lack of adequate manpower claim where plaintiff failed to show that his particular task required more assistance); *McKennon v. CSX Tansp., Inc.*, 897 F.Supp. 1024, 1027 (M.D. Tenn. 1995) (granting summary judgment for the employer where it assigned two workers to do a two-person job), *aff'd*, 56 F.3d 64 (6th Cir. 1995). "In most cases where plaintiffs have survived summary judgment on lack of manpower claims, the plaintiffs have presented evidence that they were forced to perform a particular task that usually required more assistance and that under the circumstances, it was unreasonable to require the plaintiff to perform the task without assistance." *Lewis*, 778 F. Supp. 2d at 840.

In this case, Lafevers does not dispute that installing derails is a one person job and that, even if more than one person is assigned to the job, a single person carries each derail. Thus, assigning an extra worker to that task may decrease the number of derails each worker has to carry and the time it would take to complete the job, but it would not change the nature of the work. Under these circumstances, Norfolk's decision not to assign additional workers to assist Lafevers does not constitute negligence. *See Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 558 (1994) (quoting *Lancaster v. Norfolk & Western R. Co.*, 773 F.2d 807, 813 (7th Cir. 1985),

*cert. denied*, 480 U.S. 945 (1987)) ("In short, the core of [the plaintiff's] complaint was that he 'had been given too much—not too dangerous—work to do. That is not our idea of an FELA claim.'"); *Coomer*, 97 F.3d at *2 ("Plaintiff admitted that lifting a splice bar required only one person, and that the assignment of more workers would not have aided him in performing that task individually. As the district court noted, it is too tenuous to argue that the presence of more workers would have prevented plaintiff's injury."); *McKennon*, 897 F.Supp at 1027 ("[T]he fact that Plaintiff's job would have been easier if there had been more workers does not constitute negligence on the part of Defendant, nor does it create an unreasonably unsafe work environment.").

Lafevers asserts that his case is distinguishable because he has provided ergonomic expert testimony that Norfolk did not provide a reasonably safe workplace for Lafevers to perform his job. Specifically, Lafevers' ergonomic expert concludes that "[m]anual handling job tasks performed on September 11th and 12th of 2012 while employed with Norfolk Southern Railway did contain ergonomic risk factors that are consistent with the epidemiological evidence known to contribute to low back injuries similar to those of Mr. Lafevers" and that Norfolk knew of the risk factors. (Heibrecht Aff., ECF No. 18-3 p.7.) The expert, however, does not offer any opinion regarding a sufficient number of workers to perform the job Lafevers was tasked with or if assigning more workers to the task would have had any impact on the ergonomic risk factors. Thus, while the expert's testimony could have played a role in the court's causation analysis, Lafevers has failed to show that there is any genuine issue of fact as to Norfolk's duty or breach thereof, so the court does not reach the question of causation.[2]

---

[2] The court notes, however, that Lafevers could have difficulty overcoming even the very lenient FELA causation standard given his history of similar back problems, the degenerative nature of his previous back issues, and the lack of evidence in the record directly linking his current pain to the job he performed for Norfolk.

5

**CONCLUSION**

Therefore, after a thorough review of the record in this case, the court finds that there is no genuine issue of material fact and that Norfolk is entitled to judgment as a matter of law. Accordingly, Norfolk's motion for summary judgment (ECF No. 17) is GRANTED and its motion to strike (ECF No. 22) is now MOOT.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

June 23, 2014
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.